**FILED**
**Aug 07, 2026**
**09:07 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **ARTAVIAS SANGSTER,**<br>    *Employee*, | **Docket No. 2025-80-5581** |
| **v.** | |
| **EAGLE DISTRIBUTING OF**<br>**MEMPHIS, LLC,**<br>    *Employer*, | **State File No. 56524-2025** |
| **and** | |
| **ZURICH AMERICAN INS. CO.,**<br>    **Carrier.** | **Judge Amber E. Luttrell** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an expedited hearing on Mr. Sangster's request for benefits for an alleged ankle injury. The issue is whether he is likely to prove at trial a specific incident arising primarily out of and in the course and scope of his employment. For the reasons below, the Court finds he did not meet this burden and denies the request.

### Claim History

Mr. Sangster worked for Eagle in the repack chip room. He alleged that on August 11, 2025, he injured his left ankle when he tripped over a bottle that fell out of the bottom of a box he was lifting. He "hobbled to the forklift" and kept working "another hour or so" until the end of his shift around noon. He did not report the injury that day because he thought it would improve.

The next day, Mr. Sangster texted a supervisor saying he hurt his "heel" the day before. Eagle's human resources manager, Yvonne Blackmond, requested he come to the office.

Mr. Sangster met with Ms. Blackmond and reported he injured his ankle from stepping on a bottle. He completed a written accident report where he stated the time of injury was "11:34 a.m." Mr. Sangster said Ms. Blackmond sent him to a clinic.

According to the records, Mr. Sangster saw a clinic physician the same day and reported injuring his ankle at "11:34 a.m." He gave a slightly different history that the injury happened when he stepped back to avoid fallen bottles and rolled his ankle. He said he started limping but was able to finish the shift. The physician diagnosed an ankle strain.

Mr. Sangster gave inconsistent testimony regarding the time of his injury. As stated above, he testified that it happened "an hour or so" before his shift ended around noon. He also said on direct examination that his shift started at four a.m. and the injury could have happened at 8:00 or 9:00 a.m. On cross-examination, when confronted with his history in his medical record, Mr. Sangster admitted the injury happened as described at 11:34 a.m. On re-direct, he said he could have been wrong about the time.

Ms. Blackmond testified for Eagle and said that in her role she manages work injuries. At the meeting with Mr. Sangster the day after his alleged injury, he told her the injury occurred at 11:34 a.m. the day before, as he wrote in the accident report. Contrary to his testimony, she offered him a panel, and he chose the clinic. Ms. Blackmond observed that Mr. Sangster walked normally with no limp at the meeting.

She also testified about security camera videos she reviewed. Because Mr. Sangster reported an injury at 11:34 a.m., she watched the footage from 10 a.m. to 12:20 p.m., when Mr. Sangster's shift ended. The video showed no evidence of any injury described by Mr. Sangster. She also received no reports of anyone witnessing the injury. Based on her investigation, Eagle denied Mr. Sangster's claim.

Eagle introduced the videos, which showed the warehouse between 10 a.m. and 12:20 p.m. The parties agreed that the videos did not show Mr. Sangster's injury. Mr. Sangster said his injury must have happened before 10 a.m. Eagle played a portion of the video beginning at 11:32 a.m., which showed Mr. Sangster driving a forklift, climbing on and off the forklift without difficulty, and walking around the warehouse with no visible limp.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Sangster must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Sangster must show his alleged injury arose primarily out of and in the course and scope of his employment and was caused by a "*specific incident* or set of incidents[.]" Tenn. Code Ann. § 50-6-102(12)(A) (Emphasis added).

The issue is whether Mr. Sangster offered sufficient evidence to establish the occurrence of a specific incident on August 11, 2025. The Court finds he did not.

Mr. Sangster described a specific incident when bottles fell through the bottom of a box, and he either stepped on one or stepped away from the bottles and rolled his ankle. However, his own testimony, Ms. Blackmond's testimony, and the video cast significant doubt on that description.

The day after the alleged injury, Mr. Sangster reported to both Ms. Blackmond and the doctor that his injury occurred at 11:34 a.m. He filled out an accident report specifically listing 11:34 a.m. as the time of the injury. He also testified that after his injury, he was hobbling/limping but continued working "another hour or so" until his shift ended at 12:20, which is generally consistent with the reported time of injury. Yet, the security video from 10 a.m. to 12:20 p.m. showed no injury.

If the Court accepted his alternative theory — that he was possibly mistaken and the injury actually occurred *before* 10 a.m.— the video undermines that account because it showed him walking normally without a limp. He testified to limping after the injury and told the doctor he limped immediately after but completed his shift.

Ms. Blackmond testified credibly that she observed no limp when she met Mr. Sangster the next day. She also gave him a panel, from which he selected the clinic, which contradicted Mr. Sangster's testimony. These inconsistencies raise questions about the reliability of his testimony.

Thus, the Court holds Mr. Sangster did not provide sufficient evidence that he would likely prevail at trial about the occurrence of a specific incident.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sangster's request for benefits is denied.

2. The Court's legal assistant, Tina Woods, will contact the parties to set a status hearing.

**ENTERED August 7, 2026.**

_Amber E. Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## APPENDIX

**Exhibits:**
1. Medical records index
2. Employer's surveillance videos
3. Wage statement
4. Text message
5. Employee's injury report

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on August 7, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Scott Kramer, Employee's Attorney | X | skramer@wenerlawfirm.com |
| Gerard Jabaley, Employer's Attorney | X | gjabaley@wimberlylawson.com |


_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month      Telephone       $ _____ per month

Electricity       $ _____ per month      School Supplies $ _____ per month

Water             $ _____ per month      Clothing        $ _____ per month

Gas               $ _____ per month      Child Care      $ _____ per month

Transportation    $ _____ per month      Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____      (FMV) _____

Other                   $ _____      Describe: _____

11. My debts are:

Amount Owed                     To Whom

_____             _____

_____             _____

_____             _____

_____             _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                        RDA 11082